```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


LAUFER GROUP INTERNATIONAL,     §
LTD.,                           §
                                §
          Plaintiff,            §
                                §    CIVIL ACTION NO. H-08-1083
v.                              §
                                §
RGL-ROAM ENTERPRISES, et al.,   §
                                §
          Defendants.           §
```

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Laufer Group International, Ltd.'s ("Laufer") Motion for Summary Judgment on its claims asserted against defendants Granite Marble & Etc. Inc. ("Granite") and Expo Granite Marble, LLC ("Expo") (Docket Entry No. 67). In response, Granite filed Defendant's Opposition to Motion for Summary Judgment (Docket Entry No. 73). Laufer then filed a Reply Brief in Support of Motion for Summary Judgment (Docket Entry No. 75), and Granite filed a Supplemental Opposition to Motion for Summary Judgment (Docket Entry No. 77). Expo has not responded to Laufer's motion. For the reasons stated below, Laufer's motion for summary judgment will be granted.

Also pending before the court is Laufer's Motion to Strike Granite's Belated Attempt to Change its Answer to Laufer's Request for Admission (Docket Entry No. 80). For the reasons stated below, Laufer's motion to strike will be granted.

## I. Background

Laufer is a non-vessel operating common carrier ("NVOCC") that provides international shipping services.[1] Granite and Expo are both importers of granite and stone products.[2] RGL-ROAM Enterprises, LLC ("ROAM") acts as a freight forwarder for shippers importing goods into the United States.[3] Beginning in August of 2007 Michael Koch, an employee of ROAM, quoted rates of approximately $2,000.00 per container for shipment of granite from South America to the United States.[4] These rates were quoted to many parties, including Granite and Expo.[5]

During this same period, Laufer had published tariffs that governed its shipping rates.[6] The published tariffs were for rates between $3,200.00 and $4,800.00 per container.[7] Laufer provided services for Granite and Expo and then billed them at the rates listed in the published tariffs.[8] Neither Granite nor Expo paid

---

[1] See Affidavit of Mark Laufer, at ¶ 2, Exhibit A attached to Plaintiff's Motion for Summary Judgment, Docket Entry No. 67.

[2] Id. at ¶¶ 3-4.

[3] See plaintiff's Second Amended Complaint (Docket Entry No. 66), at ¶ 3.

[4] Id. at ¶ 30.

[5] Id.

[6] See Affidavit of Mark Laufer, at ¶ 8, Exhibit A attached to Plaintiff's Motion for Summary Judgment, Docket Entry No. 67.

[7] See Tariff Change Requests, Exhibits A-3 and A-4 attached to Plaintiff's Motion for Summary Judgment, Docket Entry No. 67.

[8] See Invoices, Exhibit A-6 attached to Plaintiff's Motion for Summary Judgment, Docket Entry No. 67.

the full amount billed.  Granite's unpaid balance is $24,430.82, and Expo's is $9,279.00.[9]  Laufer seeks to recover these amounts. Granite argues that it is not liable for the posted tariff amount because of its agreement with ROAM.[10]  Expo has not filed a response to Laufer's motion.

## II.  Motion to Strike

In Granite's Responses to Plaintiff's Requests for Admissions, Granite admitted that "there was no agreed upon writing between Laufer and Defendant providing for transportation charges for granite shipments."[11]  In its Supplemental Opposition to Plaintiff's Motion for Summary Judgment, Granite attempts to amend its answer and denies the absence of a written agreement.[12]  Plaintiff moved to strike this amended response.[13]

Federal Rule of Civil Procedure 36(b) states that a matter admitted upon a request for admissions is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Granite never filed a motion to amend its responses. Therefore, it has been conclusively established that there exists

---

[9] See Affidavit of Mark Laufer, at ¶¶ 16-20, Exhibit A attached to Plaintiff's Motion for Summary Judgment, Docket Entry No. 67.

[10] See Granite's Opposition to Motion for Summary Judgment, Docket Entry No. 73.

[11] See Responses to Requests for Admission, at 4, Exhibit C attached to Plaintiff's Motion for Summary Judgment, Docket Entry No. 67.

[12] See Granite's Supplemental Opposition, Docket Entry No. 77.

[13] See Laufer's Motion to Strike, Docket Entry No. 80.

no writing between Granite and Laufer regarding the shipment of containers, and the Motion to Strike will be granted. However, as the court will discuss below, even if the amendment were allowed, Granite has still failed to raise an issue of material fact.

### III. Summary Judgment Standard

The court may grant summary judgment if the movant establishes that there is no genuine dispute about any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An examination of substantive law determines which facts are material. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). Material facts are those facts that "might affect the outcome of the suit under governing law." Id. A genuine issue of material fact exists if the evidence is such that a reasonable trier of fact could resolve the dispute in the nonmoving party's favor. Id. at 2511.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 106 S. Ct. at 2553. In response to such a showing, the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial. Id.

## IV. Analysis

The Shipping Act of 1984, 46 U.S.C. § 40101 et seq. (the "Shipping Act") was designed to "establish a nondiscriminatory regulatory process for the common carriage of goods by water in the foreign commerce of the United States with a minimum of government intervention and regulatory costs." 46 U.S.C. § 40101(a). The Shipping Act requires carriers such as Laufer to "keep open to public inspection in an automated tariff system, tariffs showing all its rates, charges, classifications, rules, and practices between all points or ports on its own route and on any through transportation route that has been established." 46 U.S.C. § 40501(a)(1). It also prohibits carriers from providing service that is not in accordance with those rates. 46 U.S.C. § 41104(2).

These provisions have been read by the courts to establish "strict filed rate requirements and to forbid equitable defenses to collection of the filed tariff." Maislin Industries, U.S., Inc. v. Primary Steel, Inc., 110 S. Ct. 2759, 2766 (1990). This reading has become known as the "filed rate doctrine." Id. While the filed rate doctrine was originally developed based on the terms of the Interstate Commerce Act, it has been held equally applicable to the Shipping Act since the Shipping Act was modeled after the Interstate Commerce Act, and courts have given the two acts "like interpretation, application and effect." United States Navigation Co. v. Cunard S.S. Co., 52 S. Ct. 247, 249 (1932); Gilbert Imported

Hardwoods, Inc. v. 245 Packages of Guatamba Squares, 508 F.2d 1116 (5th Cir. 1975).

The filed rate doctrine mandates that "the rate of the carrier duly filed is the only lawful charge." Louisville & Nashville R. Co. v. Maxwell, 35 S. Ct. 494, 495 (1915).

> Deviation from it is not permitted upon any pretext. Shippers and travelers are charged with notice of it, and they as well as the carrier must abide by it, unless it is found by the Commission to be unreasonable. Ignorance or misquotation of rates is not an excuse for paying or charging either less or more than the rate filed. This rule is undeniably strict and it obviously may work a hardship in some cases, but it embodies the policy which has been adopted by Congress. . . Thus, even if a carrier intentionally misrepresents its rate and a customer relies on the misrepresentation, the carrier cannot be held to the promised rate if it conflicts with the published tariff.

AT&T v. Central Office Telephone, Inc., 118 S. Ct. 1956, 1962-63 (1998) (citing Louisville, 35 S. Ct. at 495). Given the strict application of the filed rate doctrine, Granite and Expo are both liable for the full rate published in Laufer's tariff unless an exception to the filed rate doctrine is applicable in this case.

Granite argues that it is not required to pay Laufer's published rates pursuant to a statutory exception to the filed rate doctrine. The Shipping Act provides that "a court may not order a person to pay the difference between the amount billed and agreed upon in writing with a common carrier or its agent and the amount set forth in a tariff or service contract by that common carrier

for the transportation service provided." 46 U.S.C. § 41109(d). Granite argues that this provision is applicable because it negotiated a rate with ROAM that should govern the shipping provided by Laufer.[14]

In order for 46 U.S.C. § 41109(d) to apply, Granite must show evidence of a written agreement between Laufer or one of it agents and Granite. Granite argues that ROAM was Laufer's agent, and that a written agreement was established between ROAM and Granite through a series of e-mail communications.[15] Granite has submitted 174 pages of e-mail communication with a blanket statement that they create a question of material fact. Granite fails to point to a specific e-mail that arguably establishes a binding contract at a rate other than the published one.[16] This is insufficient to meet Granite's duty under Rule 56. "Rule 56 does not impose upon [a] district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (internal quotations omitted). Granite has failed to raise a question of material fact as to the existence of a written contract.

Assuming arguendo that Granite did establish the existence of a written agreement, its argument would still fail. All of the

---

[14] See Granite's Opposition to Motion for Summary Judgment, Docket Entry No. 73 at 2-3.

[15] See id.

[16] Id. at 2.

e-mails submitted by Granite allegedly showing an agreement are between it and ROAM.[17]  Accordingly, in order to qualify for the exception to the filed rate doctrine embodied in 46 U.S.C. § 41109(d), Granite must present evidence supporting a conclusion that ROAM was acting as Laufer's agent when it negotiated the rates with Granite.

Granite argues that "plaintiff has failed to establish the lack of agency relationship between it and individuals involved in quoting and agreeing to rates for Granite."[18]  However, the burden of proving an agency relationship is on the party asserting it, and Granite points to no evidence that tends to establish an agency relationship between Laufer and ROAM.  See Rove v. Thornburgh, 39 F.3d 1273, 1296 (5th Cir. 1994).  The affidavit of Wei Tan, the owner and operator of Granite, states that "[i]n my business dealings with Mr. Koch, he represented himself as an agent of the shipping companies."[19]  This evidence is insufficient to show an agency relationship between Laufer and ROAM.

Granite has not presented any evidence that would support an argument that Koch, ROAM's representative, had Laufer's actual authority to negotiate on its behalf.  Indeed, Granite does not appear to be making this argument.  Instead, Granite argues that

---

[17] See E-mails attached to Granite's Opposition to Motion for Summary Judgment, Docket Entry No. 73.

[18] See id. at 3.

[19] See Affidavit of Wei Tan, at 2, Exhibit 2 attached to Granite's Opposition to Motion for Summary Judgment, Docket Entry No. 73 at 2-3.

Koch had apparent authority. However, apparent authority is established

> either from a principal knowingly permitting an agent to hold [himself] out as having authority or by a principal's actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority [he] purports to exercise. . . . [W]hen making that determination, only the conduct of the principal is relevant.

Gaines v. Kelly, 235 S.W.3d 179, 182 (Tex. 2007). All communications cited by Granite were from the alleged agent. There is no allegation of conduct of Laufer, the alleged principal, that would point toward the existence of an actual or apparent agency relationship.

Since Granite has not offered any evidence that would create a question of material fact regarding an agency relationship between Laufer and ROAM, 46 U.S.C. § 41109(d) does not apply. The filed rate doctrine is applicable, and Laufer is entitled to collect the full amount of the posted tariff from Granite.

## V. Claims Against Expo

Expo has not responded to Laufer's motion even though the response was due on January 12, 2009. Local Rule 7.3 provides that: "[o]pposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel." S.D. Tex. R. 7.3 (2000). Local Rule 7.4 provides:

-9-

> Failure to respond will be taken as representation of no opposition. Responses to motions:
>
> A.   must be filed by the submission day;
>
> B.   must be written;
>
> C.   must include or be accompanied by authority; and
>
> D.   must be accompanied by a separate form order denying the relief sought.

S.D. Tex. R. 7.4 (2000). In accordance with Local Rule 7.4, the court takes Expo's failure to respond to Laufer's motion for summary judgment as a representation of no opposition to Laufer's summary judgment evidence.

Although a district court may not grant summary judgment by default simply because there is no opposition to the motion, the court may accept as undisputed the movant's version of the facts and grant a motion for summary judgment when the movant has made a prima facie showing of entitlement to summary judgment. See John v. State of Louisiana (Board of Trustees for the State Colleges and Universities), 757 F.2d 698, 708 (5th Cir. 1985)(when the movant's summary judgment evidence establishes its right to judgment as a matter of law, the district court is entitled to grant summary judgment absent unusual circumstances); and Eversly v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988)(when the nonmovant fails to respond to a motion for summary judgment, the court does not err by granting the motion when the movant's submissions make a prima facie showing of entitlement to judgment as a matter of law).

Because Laufer's version of the facts as supported by the published tariffs and invoices establishes an entitlement to payment from Expo, and because Expo does not dispute Laufer's version of the facts, the court concludes that Laufer is entitled to judgment as a matter of law on the claims alleged against Expo.

## VI.  Damages

Laufer has presented evidence that the amount owed for unpaid services by Granite is $24,430.82, and the amount owed by Expo is $9,279.00.[20]  Neither Granite nor Expo has offered any evidence tending to show that the amounts cited by Laufer are somehow inaccurate.  Accordingly, Laufer is entitled to judgment in the amounts that it seeks.  Laufer has also presented undisputed evidence that it is entitled to interest at the rate of 1.5% per month on any unpaid bills pursuant to the terms of the bills of lading governing the shipments in this case.[21]

## VII.  Conclusion and Order

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Docket Entry No. 67) is **GRANTED**.  Plaintiff's Motion to Strike (Docket Entry No. 80) is also **GRANTED**.  Laufer is **ORDERED** to file within ten days a motion and supporting affidavit to establish

---

[20] See Affidavit of Mark Laufer, at ¶¶ 19-20, Exhibit A attached to Plaintiff's Motion for Summary Judgment, Docket Entry No. 67.

[21] See Affidavit of Anthony Piazza, at 9, Exhibit D attached to Plaintiff's Motion for Summary Judgment, Docket Entry No. 67.

the attorney's fees and the amount of prejudgment interest it seeks.  Granite and Expo may respond within ten days after the receipt of Laufer's motion.

**SIGNED** at Houston, Texas, on this 14th day of April, 2009.

```
                                    _____
                                              SIM LAKE
                                    UNITED STATES DISTRICT JUDGE
```